UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA et al.,<br><br>　　　　Defendants. | Case No. 3:16-cv-00223-RCJ-VPC<br><br>ORDER |

## I.  DISCUSSION

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, two applications to proceed *in forma pauperis*, and a motion for miscellaneous relief. (ECF No. 1-1, 4, 5, 6). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent

---

[1] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The Court takes judicial notice of its prior records in the above matters.

danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff alleges that a correctional officer verbally abused him in June 2012, that a correctional officer pretended to not know who Plaintiff was in October 2015, that supervising correctional officers were not leading by example, and that correctional officers tampered with his mail. (*See generally* ECF No. 1-1 at 4-8). The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's applications to proceed *in forma pauperis* (ECF No. 4, 6) are denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the complaint (ECF No. 1-1).

It is further ordered that the motion for miscellaneous relief (ECF No. 5) is denied.

DATED THIS 6th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE